UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HOLIDAY CRUISE LINE TELEPHONE
CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                                                          MDL No. 2637


### ORDER DENYING TRANSFER

**Before the Panel:**[*]  Plaintiff in the Southern District of Florida action (*Moran*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Southern District of Florida.  This litigation currently consists of four actions listed on Schedule A and pending in four districts.  The actions allege that defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by calling or sending unsolicited commercial text messages to plaintiffs' wireless telephones, without the plaintiffs' consent, using an automatic telephone dialing system.

Plaintiff in a potentially-related action supports the motion.  Defendants Consolidated World Travel, Inc., d/b/a Holiday Cruise Line ("Holiday"); Consolidated Travel Holdings Group, Inc.; Cruise Operator, Inc.; Bahamas Paradise Cruise Line, LLC; James Verrillo; and Donna Higgins oppose the motion for centralization.  Defendants alternatively support the Southern District of Florida as transferee district.  Plaintiffs in two actions initially opposed centralization, but later withdrew their opposition, which movant states is due to "an agreement to jointly prosecute this matter."

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Plaintiffs have not met that burden here.  These cases already are being managed in an orderly and efficient manner, and the issues presented are not particularly complex.  Common defendant Holiday is represented by the same counsel in most actions and represents that it will make common discovery available to all plaintiffs or establish coordinated and joint depositories for production.  Indeed, plaintiffs recently have agreed to "jointly prosecute this matter."

Moreover, we find there is not sufficient factual overlap among these actions to warrant centralization.  Two actions allege Holiday sent text messages, while two actions allege Holiday

---

[*]  Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

-2-

made telephone calls using an autodialer. Additionally, one action alleges violations of the "Do-Not-Call" registry. Given the limited number of actions and common facts and the relative lack of complexity of the common issues, informal cooperation among the involved attorneys will be sufficient to minimize any potential for duplicative discovery and inconsistent pretrial rulings. *See In re: Caribbean Cruise Line, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, No. MDL 2604, __ F. Supp. 3d __, 2015 WL 506439, at *1 (J.P.M.L. Feb. 6, 2015).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: HOLIDAY CRUISE LINE TELEPHONE
CONSUMER PROTECTION ACT (TCPA)
LITIGATION**                                                                                   MDL No. 2637

## SCHEDULE A

<u>Central District of California</u>

WIEDERHOLD v. CONSOLIDATED WORLD TRAVEL INC., C.A. No. 2:15-00828

<u>Southern District of Florida</u>

MORAN v. CONSOLIDATED WORLD TRAVEL, INC., C.A. No. 0:15-60482

<u>Northern District of Illinois</u>

BAKOV v. CONSOLIDATED WORLD TRAVEL, C.A. No. 1:15-02980

<u>District of New Jersey</u>

HUHN v. CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., ET AL.,
      C.A. No. 2:15-02298